United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                               Case No. 25-12930-djb

Markita S. Lorick                            Chapter 13
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0313-2                            User: admin                           Page 1 of 1

Date Rcvd: Jul 31, 2026                        Form ID: pdf900                      Total Noticed: 1

The following symbols are used throughout this certificate:

**Symbol**       **Definition**

\+                Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 02, 2026:**

**Recip ID**                 **Recipient Name and Address**
db                   + Markita S. Lorick, 5411 Oakland Street, Philadelphia, PA 19124-1210

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 02, 2026                           Signature:         /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 31, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| DAVID M. OFFEN | on behalf of Debtor Markita S. Lorick ecfmail@offenlaw.com;offendr83598@notify.bestcase.com |
| KENNETH E. WEST | ecfemails@ph13trustee.com  philaecf@gmail.com |
| MAGGIE S SOBOLESKI | on behalf of Creditor U.S. Bank Trust Company  National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, successor trustee to LaSalle Bank National Association, as trustee for Bear Stea msoboleski@kmllawgroup.com, 3532@notices.nextchapterbk.com |
| SHERRI DICKS | on behalf of Creditor U.S. Bank Trust Company  National Association shrdlaw@outlook.com, shrdlaw@outlook.com |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 5

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Markita S. Lorick<br><br><u>Debtor</u> | CHAPTER 13 |
| U.S. Bank Trust Company, National Association, as Trustee, as successor-in-interest to U.S. Bank National Association, successor trustee to LaSalle Bank National Association, as trustee for Bear Stearns Asset Backed Securities I Trust 2006-HE10, Asset-Backed Certificates Series 2006-HE10<br><br><u>Moving Party</u><br>vs. | NO. 25-12930 DJB<br><br><br>11 U.S.C. Section 362 |
| Markita S. Lorick<br><br><u>Debtor</u> | |
| Kenneth E. West<br><br><u>Trustee</u> | |

## <u>CONSENT ORDER ON MOTION FOR RELIEF FROM STAY</u>

1.  The above-styled Motion having been scheduled for a hearing before the Court on July 9, 2026, upon Notice of Motion to each of the above-captioned parties in interest, and it appearing to the Court that the parties consent hereto:

2.  IT IS HEREBY ORDERED that the Motion for Relief from Stay is granted, subject to the terms set forth therein and as set forth hereinafter.

3.  FURTHER ORDERED that as of July 15, 2026, the post-petition arrearage is as follows, pursuant to the terms of the Note, as set forth in the chart below:

| Number of Missed Payments | From | To | Monthly Missed Principal & Interest | Monthly Missed Escrow (if applicable) | Monthly Payment Amount | Total of Monthly Payments Missed |
|---|---|---|---|---|---|---|
| 3 | May 2026 | July 2026 | $512.33 | $430.34 | $942.67 | $2,828.01 |
| Less post-petition partial payments (suspense balance) | | | | | ($175.39) | |

**Total: <u>$2,652.62</u>**

4.  This arrearage shall be paid as follows:

    a)  Beginning **August 2026** and continuing through **December 2026**, until the arrearages are cured, Debtor shall pay an installment payment of **$442.11** towards the arrearages on or before the last day of each month, with a final installment payment of **$442.07** due **January 2027**.

5. Regular payments in the amount of **$942.67** to be paid on or before **August 1, 2026**, and any additional amount as required or allowed by the Note and Security Instrument. Payments should be sent to: Select Portfolio Servicing, Inc., Attn: Remittance Processing, P.O. Box 65450, Salt Lake City, UT 84165-0450.

6. FURTHER ORDERED that should Debtor default in payment of any sum specified herein, or in any regular monthly mortgage payments which come due according to Movant's Loan Documents, for the life of the bankruptcy then upon notice of default sent by first class mail to Debtor and attorney for Debtor, and failure of Debtor to cure such default within **fifteen (15)** days from the date of receipt of such notice, Movant may file a certification of default, with service upon Debtor, attorney for Debtor and the Trustee, and the Court may enter an Order releasing Movant from the automatic stay, without further notice or hearing.

7. FURTHER ORDERED that in the event relief from the automatic stay is later granted, the Trustee shall cease funding any balance of Movant's claim, and the provisions of Fed. R. Bank. P. 4001(a)(4) may be waived.

8. FURTHER ORDERED that upon completion of any foreclosure sale, any funds in excess of the amount due to Movant and to any subordinate lienholder(s) properly entitled to receive proceeds under applicable State Law that would otherwise be payable to the Debtor, shall be paid to the Trustee by the entity receiving the funds from the foreclosure sale for the benefit of the Estate while the Debtor remains in bankruptcy.

CONSENTED TO BY:

Date:   July 16, 2026

/s/ Maggie Soboleski
Maggie Soboleski, Esq.
Attorney for Movant

Date:   July 22, 2026

/s/ David M. Offen
David M. Offen
Attorney for Debtor

No Objection

Date: July 28, 2026                           /s/ LeeAne O. Huggins, Esquire
                                             Kenneth E. West
                                             Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2026.  However, the Court retains
discretion regarding entry of any further order.

**Date: July 31, 2026**                      _____
                                             Bankruptcy Judge
                                             Derek J. Baker